D. Maimon Kirschenbaum
Denise A. Schulman
JOSEPH & KIRSCHENBAUM LLP
45 Broadway, Suite 320
New York, NY 10006
(212) 688-5640
(212) 981-9587 (fax)

*Attorneys for Named Plaintiff, proposed FLSA Collective Plaintiffs, and proposed Class and Sub-Class*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

**-----------------------------------------------------x**

**HENRY BALTZ, on behalf of himself and others similarly situated,**

**Plaintiff,**

**v.**

**CLOWNS.COM INC., TALENT AGENCY 7 CORPORATION, FIRST ENTERTAINMENT LLC, ADOLPH RODRIGUEZ, and ERICA BARBUTO,**

**Defendants.**

**-----------------------------------------------------x**

**Case No: 1:26-cv-4841**

**COMPLAINT**

**FLSA COLLECTIVE ACTION AND RULE 23 CLASS ACTION**

**DEMAND FOR JURY TRIAL**

Plaintiff, on behalf of himself and all others similarly situated, alleges as follows:

## JURISDICTION AND VENUE

1. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"). This Court has supplemental jurisdiction over the New York state law claims, as they are so related to the claims in this action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

2. Venue is proper in this District because Defendants conduct business in this District, and the acts and/or omissions giving rise to the claims herein alleged took place in this District.

## THE PARTIES

3. All Defendants are hereinafter collectively referred to as "Defendants."

4. Defendant Clowns.com Inc. is a Florida corporation. In or around December 2022, Clowns.com Inc. merged with a New York corporation by the same name, leaving the Florida corporation the sole surviving entity. At the time of the merger, Adolph Rodriguez was the president of both entities. The New York corporation had a business address of 200 Meacham Avenue, Elmont, NY 11003. The Florida corporation had a business address of 3155 SW 10th Street, Suite 6A1, Deerfield Beach, FL 33442.

5. Defendant First Entertainment LLC is a Florida limited liability company with a business address of 3155 SW 10th Street, Suite 6A1, Deerfield Beach, FL 33442. Adolph Rodriguez is identified as the owner of First Entertainment LLC on one of the company's filings with the Florida Secretary of State.

6. Defendant Talent Agency 7 Corporation is a New York corporation with a business address of 200 Meacham Avenue, Elmont, NY 11003.

7. At all relevant times, Defendants Clowns.com Inc., First Entertainment LLC, and Talent Agency 7 Corporation (collectively, the "Corporate Defendants") have had annual gross sales in excess of $500,000. They also have employees engaged in interstate commerce and handling, selling, or otherwise working on goods and materials that have been moved in or produced for interstate commerce.

8. The Corporate Defendants constitute a single integrated employer and/or jointly employ Plaintiff and other entertainers who work for the business with the trade name Clowns.com.

9. Clowns.com provides entertainment services such as clowns, magicians, bouncy houses, and concessions to children's parties in New York and Florida.

10. Defendant First Entertainment LLC has issued paystubs to Clowns.com's entertainers since approximately March 2025.

11. Talent Agency 7 Corporation posts job listings for Clowns.com.

12. At one time Talent Agency 7 Corporation paid Plaintiff for his work for Clowns.com, and Talent Agency 7 Corporation has issued paychecks to Defendants' managers.

13. Defendants Adolph Rodriguez (aka George Rodriguez, aka Adolph Blackstone, aka George Blackstone) and Erica Barbuto are a married couple who own and operate the Corporate Defendants and the overall Clowns.com business.

14. Rodriguez is involved in hiring and firing employees. For example, Rodriguez is listed (as "George Rodriguez") as the contact person in a Clowns.com job posting on Playbill.com.

15. Rodriguez has also fired employees. For example, he fired an entertainer because she was not available to work on a holiday.

16. Defendants' managers report to Rodriguez and Barbuto.

17. Rodriguez and Barbuto are directly involved with Defendants' pay practices. For example, they both personally sent payments to Plaintiff via Zelle, and Plaintiff has communicated with Barbuto and Rodriguez about payment issues.

18. Barbuto is responsible for scheduling entertainers. For example, she sent text messages setting the times and drivers for entertainers' carpools. She also decides which entertainers will work together.

19. The New York State Workers' Compensation Board obtained a judgment against both Clowns.com Inc. (upon information and belief, against the New York corporation) and Rodriguez for failing to carry workers compensation insurance.

20. Rodriguez signed loan documents on behalf of the New York Clowns.com Inc.

21. Plaintiff Henry Baltz was employed by Defendants in New York as an entertainer from approximately May 2023 to July 26, 2026. Plaintiff lives in Queens, New York.

## FLSA COLLECTIVE ACTION ALLEGATIONS

22. Plaintiff brings the First and Second Claims for Relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all entertainers employed by Defendants in New York on or after the date that is three years before the filing of the Complaint in this case ("FLSA Collective Plaintiffs").

23. At all relevant times, Plaintiffs and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan and common policies, programs, practices, procedures, protocols, routines, and rules of failing to pay overtime compensation and failing to timely pay tips and minimum wage and overtime compensation. The claims of Plaintiff stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

24. The First and Second Claims for Relief are properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA

Collective Plaintiffs are readily ascertainable. For the purpose of notice and other purposes related to this action, their names and contact information are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail, email, and text message to the last address, email address, and phone number known to Defendants.

**RULE 23 CLASS ALLEGATIONS – NEW YORK**

1. Plaintiff brings the Third, Fourth, Fifth, Sixth, and Seventh Claims for Relief pursuant to the Federal Rules of Civil Procedure ("FRCP"), Rule 23, on behalf of all entertainers employed by Defendants in New York on or after the date that is six years before the filing of the Complaint in this case (the "Class").

2. Plaintiff brings the Eighth Claim for relief pursuant to FRCP 23 on behalf of all entertainers employed by Defendants in New York and who drove company cars on or after the date that is six years before the filing of the Complaint in this case (the "Sub-Class").

3. The Class Members and Sub-Class Members are readily ascertainable. The number and identity of the Class and Sub-Class Members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and the rates of pay for each Class and Sub-Class Member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under said FRCP 23.

4. The proposed Class and Sub-Class are so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the court. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of Defendants, upon information and belief, there are more than forty (40) members of both the Class and Sub-Class.

5. Plaintiff's claims are typical of those claims which could be alleged by any member of the Class or Sub-Class, and the relief sought is typical of the relief which would be sought by each member of the Class or Sub-Class in separate actions. All the Class and Sub-Class Members were subject to the same corporate practices of Defendants, as alleged herein, of failing pay all regular and overtime compensation due, failing to timely pay wages and tips, failing to provide required wage statements, and unlawful deductions from pay. Defendants' corporate-wide policies and practices affected all Class and Sub-Class Members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class and Sub-Class Member. Plaintiff and other Class and Sub-Class Members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

6. Plaintiff is able to fairly and adequately protect the interests of the Class and Sub-Class and has no interests antagonistic to the Class or Sub-Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

7. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate Defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Class and Sub-Class Members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual

Class and Sub-Class Members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class and Sub-Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class and Sub-Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

8. Upon information and belief, Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

9. There are questions of law and fact common to the Class and Sub-Class which predominate over any questions affecting only individual class members, including:

a) Whether Defendants employed Plaintiff and the Class Members within the meaning of New York law.

b) Whether Defendants timely paid Plaintiff and the Class Members.

c) Whether Defendants paid Plaintiff and the Class Members the proper overtime rate for all overtime hours worked.

d) Whether Defendants paid Plaintiff and the Class Members for all non-overtime hours worked.

e) Whether Defendants provided Plaintiff and the Class Members with the proper wage statements.

f) Whether Defendants took unlawful deductions from Plaintiff's and the Sub-Class Members' wages and/or tips.

## **FACTS**

10. Plaintiff's Consent to Sue form is attached as Exhibit A.

11. Defendants committed the following alleged acts knowingly, intentionally and willfully.

12. Plaintiff worked for Defendants as an entertainer from approximately May 2023 to July 2026.

13. As an entertainer, Plaintiff performed at children's parties.

14. The majority of the parties that Plaintiff worked were in the five boroughs of New York City.

15. Defendants required Plaintiff and other entertainers to attend unpaid training sessions at the beginning of their employment.

16. Defendants provided Plaintiff with a company car, which he parked at his home.

17. Defendants required Plaintiff to use the company car to pick up other entertainers in the morning, bring them to Defendants' office to pick up party supplies, drive himself and other

entertainers to parties, return to the office after the parties to drop off party supplies, and then drive other entertainers home.

18. On a typical workday, Plaintiff performed at multiple parties, and his workday included travel time between the parties.

19. Until approximately March 2025, Defendants paid Plaintiff an hourly rate for the amount of time his assigned parties were scheduled to last.

20. When Defendants paid Plaintiff only for his party hours, they did not pay Plaintiff for his travel time between parties, and if a party ran longer than scheduled, Plaintiff did not receive any additional pay.

21. When Defendants paid Plaintiff only for his party hours, they deducted $10 from his pay on every Saturday he worked and $5 from his pay on every Sunday he worked.

22. Defendants never paid Plaintiff for his time picking up and dropping off other entertainers at the beginning and end of the day.

23. Before March 2025, Plaintiff did not have a regularly scheduled payday. Instead, Defendants paid him via Zelle or Venmo at random intervals. At one point, Defendants did not pay him for approximately one month.

24. In approximately March 2025, Defendants established a regular weekly payday of every Friday and began implementing a timekeeping system.

25. Under this timekeeping system, entertainers clocked in and out at Defendants' office. Thus, the time records did not reflect the time Plaintiff spends picking up and dropping off other entertainers.

26. Once the new timekeeping system was implemented, Defendants supposedly began paying Plaintiff based on his time records. However, Defendants often altered Plaintiff's time records in order to pay him for fewer hours.

27. For example, the week of April 20, 2026, Plaintiff was clocked in for 41.38 hours. However, Defendants altered his time records and paid him for 37.98 hours.

28. Plaintiff sometimes worked more than 40 hours in a week. For example, the week of March 10, 2025 Defendants paid Plaintiff for 46.0667 hours, and the week of October 27, 2025, Defendants paid Plaintiff for 43.6666 hours. Because, as discussed above, Plaintiff was not clocked in for all of his hours worked, he actually worked more hours than he was paid for.

29. Thus, Defendants' failure to pay Plaintiff for all hours worked included non-payment of both regular and overtime pay.

30. Plaintiff's paystubs did not accurately reflect all of his regular and overtime hours worked. Because Plaintiff was paid for the number of hours listed on his paystubs, the inaccuracies on his paystubs caused him to be underpaid.

31. In addition, Plaintiff's ability to advocate for himself and show that he was not paid the correct amount for all of the time that he worked is harmed by Defendants' failure to provide wage statements that accurately reflect his hours worked.

32. As an entertainer, Plaintiff received tips. Some customers paid discretionary cash tips, and some contracts included mandatory tips.

33. Defendants distributed the mandatory tips to Plaintiff via Zelle or Venmo; they were not included in his paycheck.

34. When Defendants did pay Plaintiff for overtime hours, they did not include Plaintiff's mandatory tips in the calculation of his overtime rate.

35. Defendants did not timely pay Plaintiff his mandatory tips. For example, Defendants did not pay Plaintiff any of the mandatory tips that he earned between May 3, 2026 and July 9, 2026 until July 10, 2026.

36. Sometimes Defendants did not pay his mandatory tips at all. For example, Defendants have not paid Plaintiff any of the mandatory tips he earned between July 13 and July 19, 2026.

37. Defendants required Plaintiff to pay various work-related expenses for his company car.

38. For example, when the car assigned to Plaintiff received a traffic ticket while Plaintiff was using the car for work, Defendants either deducted the amount of the ticket from Plaintiff's tips or required Plaintiff to pay Defendants the amount of the ticket.

39. Defendants also required Plaintiff to pay for gas.

40. While Defendants were supposed to reimburse Plaintiff for work-related parking expenses, they did not always do so. Defendants also failed to reimburse Plaintiff for work-related towing expenses.

41. Defendants committed the foregoing acts against Plaintiff, the FLSA Collective and Plaintiffs, and the Class and Sub-Class Members.

**FIRST CLAIM FOR RELIEF**
**(FLSA Timely Payment Violations, 29 U.S.C. §§ 201, *et seq.***
**Brought by Plaintiff on Behalf of Himself and the FLSA Collective Plaintiffs)**

42. Plaintiff realleges and incorporates by reference all preceding paragraphs.

43. At all relevant times, Defendants have been, and continue to be, "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of FLSA, 29 U.S.C. § 203.

44. At all relevant times, Defendants have employed, "employee[s]," including Plaintiff and each of the FLSA Collective Plaintiffs.

45. Defendants willfully failed to timely pay Plaintiff and the FLSA Collective Plaintiffs all minimum wage and overtime compensation they were due.

46. As a result of Defendants' unlawful conduct, Plaintiff and the FLSA Collective Plaintiffs are entitled to recover liquidated damages, attorneys' fees and costs, post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

**SECOND CLAIM FOR RELIEF**
**(FLSA Overtime Violations, 29 U.S.C. § 201, *et seq.***
**Brought by Plaintiff on Behalf of Himself and the FLSA Collective Plaintiffs)**

47. Plaintiff realleges and incorporates by reference all preceding paragraphs.

48. At all relevant times, Defendants have been, and continue to be, "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of FLSA, 29 U.S.C. § 203.

49. At all relevant times, Defendants have employed, "employee[s]," including Plaintiff and each of the FLSA Collective Plaintiffs.

50. Defendants willfully failed to pay Plaintiff and the FLSA Collective Plaintiffs all overtime compensation they were due.

51. As a result of Defendants' unlawful conduct, Plaintiff and the FLSA Collective Plaintiffs are entitled to recover their respective unpaid overtime compensation, liquidated damages, attorneys' fees and costs, post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

**THIRD CLAIM FOR RELIEF**
**(New York Late Payment of Wages, N.Y. Lab. L. §§ 190 et seq.**
**Brought by Plaintiff on Behalf of Himself and the Class)**

52. Plaintiff realleges and incorporates by reference all preceding paragraphs.

53. Defendants did not pay Plaintiff and the Class Members all of their earned wages and tips on a regularly scheduled payday no less frequently than semi-monthly.

54. As a result of Defendants' unlawful conduct, Plaintiff and the Class Members are entitled to recover liquidated damages, pre- and post-judgment interest, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

**FOURTH CLAIM FOR RELIEF**
**(New York Overtime Violations – 12 NYCRR 142-2.2**
**Brought By Plaintiff on Behalf of Himself and the Class)**

55. Plaintiff realleges and incorporates by reference all preceding paragraphs.

56. Defendants did not pay Plaintiff and the Class Members one and a half times their regular rate for all hours worked in excess of 40 per week.

57. As a result of Defendants' unlawful conduct, Plaintiff and the Class Members are entitled to recover their unpaid overtime compensation, liquidated damages, pre- and post-judgment interest, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

**FIFTH CLAIM FOR RELIEF**
**(New York Gap Time Violations – N.Y. Lab. L. §§ 191, 193**
**Brought By Plaintiff on Behalf of Himself and the Class)**

58. Plaintiff realleges and incorporates by reference all preceding paragraphs.

59. Defendants did not pay Plaintiff and the Class Member their agreed rate for all non-overtime hours worked.

60. As a result of Defendants' unlawful conduct, Plaintiff and the Class Members are entitled to recover their unpaid wages, liquidated damages, pre- and post-judgment interest, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

**SIXTH CLAIM FOR RELIEF**
**(New York Wage Statement Requirements, N.Y. Lab. L. §§ 195, 198)**
**Brought By Plaintiff on Behalf of himself and the Class)**

61. Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

62. Defendants did not provide Plaintiff and the Class Members with the wage statements required by N.Y. Lab. Law § 195(3).

63. As a result of Defendants' unlawful conduct, Plaintiffs and the Class Members are entitled to recover penalties under N.Y. Lab. L. § 198, post-judgment interest, and attorneys' fees and costs.

**SEVENTH CLAIM FOR RELIEF**
**(Misappropriated Tips N.Y. Lab. L. § 196-d**
**Brought By Plaintiff on Behalf of Himself and the Class)**

64. Plaintiff realleges and incorporates by reference all preceding paragraphs.

65. Defendants unlawfully retained/misappropriated Plaintiff's and the Class Members' tips.

66. As a result of Defendants' unlawful conduct, Plaintiff and the Class Members are entitled to recover the amount of their unpaid tips, liquidated damages, pre- and post-judgment interest, and attorneys' fees and costs.

**EIGHTH CLAIM FOR RELIEF**
**(Unlawful Deductions, N.Y. Lab. L. §§ 193, 196-d and 198-b**
**Brought By Plaintiff on Behalf of Himself and the Sub-Class)**

67. Plaintiff realleges and incorporates by reference all preceding paragraphs.

68. Defendants took unlawful deductions or kickbacks from Plaintiffs' and the Sub-Class Members' wages and/or tips.

69. As a result of Defendants' unlawful conduct, Plaintiff and the Sub-Class Members are entitled to recover the amount of the unlawful deductions or kickbacks, liquidated damages, pre- and post-judgment interest, and attorneys' fees and costs.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself, the FLSA Collective Plaintiffs and the Class and Sub-Class Members, prays for relief as follows:

A. Designation of this action as a collective action and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all FLSA Collective Members, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

B. Designation of Plaintiff as Representative of the FLSA Collective Plaintiffs;

C. Designation of this action as a class action pursuant to F.R.C.P. 23.

D. Designation of Plaintiff as Representative of the Class and Sub-Class.

E. An award of damages, according to proof, including liquidated damages, to be paid by Defendants;

F. Penalties available under applicable laws;

G. Costs of action incurred herein, including expert fees;

H. Attorneys' fees, including fees pursuant to 29 U.S.C. § 216, N.Y. Lab. L. §§ 198, 663 and other applicable statutes;

I. Pre-judgment and post-judgment interest, as provided by law; and

J. Such other and further legal and equitable relief as this Court deems necessary, just and proper.

Dated: New York, New York
August 7, 2026

By: /s/ Denise A. Schulman
D. Maimon Kirschenbaum
Denise A. Schulman
JOSEPH & KIRSCHENBAUM LLP
45 Broadway, Suite 320
New York, NY 10006
Tel: (212) 688-5640
Fax: (212) 981-9587

*Attorneys for Named Plaintiff, proposed FLSA Collective Plaintiffs, and proposed Class and Sub-Class*

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which he has a right to jury trial.